J-A06030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN MICHAEL SLATTERY | |
| Appellant | No. 1330 MDA 2015 |

Appeal from the Judgment of Sentence July 10, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007654-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 26, 2016**

Brian Michael Slattery appeals from his judgment of sentence after being found guilty,[1] following a bench trial, of driving while operating privilege is suspended/revoked[2] and failing to signal.[3]  Because the trooper incorrectly believed that section 3334 required a driver to signal at least 100 feet before changing lanes, there was no probable cause to justify the stop of Slattery's vehicle.  Therefore, we reverse and remand for a new trial.

---

[1] Slattery was also charged with Driving Under the Influence of a Controlled Substance (Impaired Ability), 75 Pa.C.S. § 3802(d)(2).  He was acquitted of this offense.

[2] 75 Pa.C.S.A. § 1543(a).

[3] 75 Pa.C.S.A. § 3334(a).

On September 26, 2014, while on patrol in his marked police cruiser, Trooper Shawn Panchik of the Pennsylvania State Police observed Slattery driving his Dodge Durango traveling east on Route 30 in the area of North Hills Road in York County. He noticed that the Durango had a large nontransparent sticker on the rear window. Trooper Panchik drove behind the Durango as it changed from the right lane to the left turn-only lane. As the Durango approached the intersection of North Hills and Industrial Roads, the trooper followed the vehicle as it turned left onto Industrial Road. After making the turn, Trooper Panchik initiated a traffic stop. The trooper testified that Slattery exhibited signs of impairment. Slattery told the trooper that his license had been suspended and that he had recently smoked marijuana. Slattery was arrested for DUI.

Pre-trial, Slattery filed a motion to suppress evidence, claiming that the trooper did not have either reasonable suspicion or probable cause to stop his vehicle. After a hearing, where Trooper Panchik was the sole witness, the court denied the motion. The case proceeded to a bench trial, before the Honorable Richard K. Renn. Slattery was convicted of the above-mentioned crimes and sentenced to 50 days of incarceration and $1,025.00 in fines. This timely appeal follows.

On appeal, Slattery raises the following issues for our consideration:

(1)     Whether the trial court erred in denying Appellant's motion to suppress evidence by ignoring the plain meaning of 75 Pa.C.S. § 3334(a) wherein "moving from one traffic lane to another" has no minimum distance requirement to activate an appropriate signal before changing lanes?

- 2 -

(2) Whether the trial court erred in denying Appellant's motion to suppress evidence by finding that the "100 foot rule" of 75 Pa.C.S. § 3334(b) applies to turning as well as "moving from one traffic lane to another" in subsection (a) when the plain meaning limits its application solely to "turn[ing] right or left" in subsection (b).

When reviewing an order denying a motion to suppress evidence, we must determine whether the trial court's factual findings are supported by the evidence of record. If the evidence supports the trial court's findings, we are bound by them and may reverse only if the legal conclusions drawn therefrom are erroneous. *Commonwealth v. Blair*, 860 A.2d 567, 571 (Pa. Super. 2004).

Instantly, Slattery claims that the trial court improperly denied his motion to suppress where his actions did not violate the plain meaning of section 3334(a). We agree.

If the alleged basis of a vehicular stop is to determine whether there has been compliance with the Commonwealth's vehicle code, it is incumbent upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the code. *Commonwealth v. Spieler*, 887 A.2d 1271 (Pa. Super. 2005). However, if an officer stops a vehicle for the purpose of obtaining necessary information to enforce the provisions of the code, the stop need only be based on

reasonable suspicion that a violation of the code has occurred. 75 Pa.C.S. § 6308(b).[4]

> Pursuant to this Commonwealth's Vehicle Code:
>
> (a) General rule. -- **Upon a roadway no person shall turn a vehicle or move from one traffic lane to another** or enter the traffic stream from a parked position **unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.**
>
> (b) Signals on turning and starting. -- **At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle *before turning.*** The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour. The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.

75 Pa.C.S. § 3334 (emphasis added).

In the instant case, Trooper Panchik initiated a traffic stop of Slattery's Dodge Durango after he observed the vehicle make a lane change without

---

[4] Here, both predicates for stopping Slattery, suspected violations of sections 4542 and/or 3334, required the trooper to have probable cause as neither violation requires any additional investigation to determine if the vehicle code has been violated. ***Commonwealth v. Brown***, 64 A.3d 1101, 1105 (Pa. Super. 2013); ***Commonwealth v. Feczko***, 10 A.3d 1285 (Pa. Super. 2010) (en banc). However, even if we were to apply the less stringent standard, we still conclude that Trooper Panchik's stop of Slattery's Durango was unlawful where the trooper did not have the requisite reasonable suspicion to believe that a vehicle code violation had occurred.

signaling at least one hundred feet prior to making that lane change.[5] N.T. Suppression Hearing, 6/3/15, at 5. On cross-examination, the trooper testified that "just as [Slattery] started to move over [to the other lane] or just prior to [moving over]" Slattery's blinker was activated. *Id.* at 9. He also testified that he stopped the Dodge because it had a nontransparent decal on the rear window.[6]

_____

[5] Trooper Panchik testified that Slattery was traveling less than 35 m.p.h. at the time he activated his signal to change lanes. N.T. Suppression Hearing, 6/3/15. at 5, 8.

[6] Although not raised on appeal, we do not find that Trooper Panchik had probable cause to stop Slattery's Durango based on a perceived violation of section 4542. Pursuant to 75 Pa.C.S. § 4542:

> **(b) Obstruction on side and rear windows. --**
>
> **No person shall drive a motor vehicle with any** sign, poster or other **nontransparent material**, including ice or snow, **upon the** side wings or side or **rear windows of the vehicle *which materially obstructs, obscures or impairs the driver's clear view of the highway or any intersecting highway.*** The placement of a registration permit upon the side or rear window of a vehicle shall not be considered a material obstruction.

75 Pa.C.S. § 4542(b) (emphasis added).

As the trial court acknowledged, the trooper's belief that the nontransparent sticker on the Durango's rear window is, in and of itself, a violation of the vehicle code is incorrect. While Trooper Panchik testified that the sticker was "large [and] nontransparent", N.T. Suppression Hearing, 6/3/15, at 5, the trooper neither stated the approximate dimensions of the sticker nor did he "articulate at least some fact or facts to support his inference or conclusion that the object materially impaired the driver's view" – an essential element of section 4542. *Holmes*, 14 A.3d at 97. Therefore, the trooper also lacked probable cause to believe that Slattery was violating

*(Footnote Continued Next Page)*

Instantly, we agree with both Slattery and the trial judge[7] that Trooper Panchik did not have probable cause to stop the Durango on the basis that he believed Slattery had violated section 3334 of the vehicle code. Here, the trooper testified that he stopped Slattery's Durango because he did not signal at least 100 feet prior to changing lanes. *See* N.T. Suppression Hearing 6/3/15, at 8 ("I would agree with you that he used a turn signal, but it wasn't prior to that lane. **It requires a hundred feet prior to a lane change**."). While section 3334(a) provides that a person shall not move from a traffic lane to another *or* turn a vehicle without appropriately signaling of his or her attention to turn, if the given vehicle is travelling less than 35 m.p.h., the driver shall appropriately signal "continuously during not less than the last 100 feet traveled by the vehicle *before turning*." 75 Pa.C.S. § 3334(b). Accordingly, the words of the statute are clear that the 100-foot rule applies to a vehicle *turning*, it is silent regarding the length

*(Footnote Continued)* ───────────

section 4524. ***Spieler***, ***supra***. ***See Commonwealth v. Benton***, 655 A.2d 1030 (Pa. Super. 1995) (where officer gave no testimony that object hanging from rearview mirror materially impaired driver's vision under section 4524, stop of defendant's vehicle was unlawful and suppression should have been granted); ***Commonwealth v. Felty***, 662 A.2d 1102 (Pa. Super. 1995) (same).

[7] In his Pa.R.A.P. 1925(a) opinion, Judge Renn acknowledges that because section 3334(b) does not contain a minimum distance requirement for switching lanes, it was erroneous for the court to deny suppression where the trooper only gave testimony regarding how far in advance Slattery signaled prior to changing lanes and no testimony regarding the distance he signaled prior to turning left onto North Hills Road. *See* Trial Court Opinion, 9/24/15, at 5-7.

that a signal must be activated prior to changing lanes. Moreover, the language found throughout the remaining subsections of 3334 is consistent with the interpretation that the term "before turning" means before a vehicle makes a turn onto another roadway, not before a person changes lanes. *See id.* at § 3334(a) ("Upon a roadway no person shall *turn a vehicle or move from one traffic lane to another* . . . unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section."); *id.* at § 3334(d) ("Turn signals shall be discontinued immediately after *completing the turn or movement from one traffic lane to another traffic lane*."). *See* 1 Pa.C.S.A. § 1921(b) (when terms of statute are clear and unambiguous, they are given effect consistent with plain and common meaning).

Additionally, because Trooper Panchik testified that Slattery appropriately activated his signal prior to changing lanes, *see* N.T. Suppression Hearing, 6/3/15, at 9-10, the trooper did not have probable cause to believe that Slattery had violated the general rule for signaling found in section 3334(a). *Cf. Brown*, *supra* (where officer testified that defendant failed to signal when turning his vehicle from left-turn lane of one road onto another road, probable cause existed to stop vehicle).

Accordingly, the trial court's factual findings are not supported in the record and its legal conclusions are in error; therefore, we reverse. *Blair*, *supra*. Because the stop was unlawful, any evidence flowing from it should have been suppressed. *Belton*, *supra*.

Judgment of sentence reversed.[8]  Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

---

[8] At the most, Slattery's actions may be interpreted as a *de minimis* infraction where Trooper Panchik could not testify with regard to exactly how many feet prior to turning he activated his signal.  N.T. Suppression Hearing, 6/3/15, at 9 ("I don't believe it's a hundred feet.").  See **Commonwealth v. Garcia**, 859 A.2d 820 (Pa. Super. 2004) (officer who observed vehicle cross berm line by six to eight inches on two separate occasions for a second or two over distance of approximately one quarter of a mile did not possess requisite probable cause to conduct stop).  However, even under these circumstances we could interpret Slattery's actions as reasonable under section 3334(a), where he was travelling from the right-hand lane into a left-turn-only lane and there were several business on the left before the intersection.  By waiting to signal until he passed the businesses, he was careful not to compromise the safety of vehicles travelling behind him.  **See** 75 Pa.C.S. § 3334(a) (vehicle should not turn or move from one lane to another "until the movement can be made with reasonable safety[.]").