J-A03005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KENNEDY ANTHONY RICHARDS | |
| Appellee | No. 962 MDA 2016 |

Appeal from the Order Entered May 16, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002147-2015

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 20, 2017**

The Commonwealth of Pennsylvania appeals from the order entered in the Court of Common Pleas of Cumberland County, which granted Richards' motion to suppress evidence recovered from Kennedy Anthony Richards' vehicle after he was stopped by police for a violation of 75 Pa.C.S. § 3313(d).  Upon review, we affirm.

The trial court noted the facts of this matter as follows:

On May 13, 2015, Trooper [David] Long and Trooper [John] Gerkin were on patrol in an unmarked vehicle on northbound Interstate 81 monitoring highways for criminal interdiction.  At approximately 4:30 p.m. on that day, [Richards], in a rented 2014 Nissan Sentra with a New Jersey plate, drove by the Troopers' position around mile marker 40.  At the time he drove by, [Richards] was in the left-hand lane of the highway.  The Troopers pulled out and began to follow [Richards]; by the time that they had pulled him over, they had traveled for five miles. The video recording from the patrol car shows approximately one mile of travel totaling about a minute and a half prior to the vehicle coming to a stop; during this time, [Richards] remained

in the left lane with several vehicles in front of him, all of which appeared to be passing [other] vehicles, most notably a tractor-trailer truck, in the right-hand lane.

The Troopers activated their lights and after waiting for an available spot in the right-hand lane, [Richards] used his turn signal, pulled into the right lane, and then pulled over onto the berm of the road around marker 45. Upon request, [Richard] provided a valid Florida driver's license as well as the rental agreement for the vehicle. When questioned by the Troopers, [Richards] was extremely nervous, and was inconsistent and evasive as to his travel plans and his criminal history, which included arrests for firearms and narcotics. The Troopers requested to search [Richards'] vehicle, but [Richards] refused to give consent. A K9 unit was summoned to search the vehicle, and ultimately, approximately 13 pounds of marijuana was discovered in the vehicle. The Troopers did not issue a citation to [Richards] for driving in the left lane without passing, instead issuing a warning.

Trial Court Opinion, 5/16/16, at 1-2.[1]

Richards was charged with possession with intent to deliver (PWID), 35 P.S. § 780-113, based upon the marijuana recovered from the vehicle. He filed a motion to suppress the discovery of the marijuana, arguing that the Troopers lacked probable cause to either conduct a traffic stop or conduct a search of his vehicle. The trial court granted the motion to suppress. This timely appeal followed, in which Richards raises the following issue for our review:

Did the suppression court err in granting the motion to suppress when the trooper stopped the [Appellant's] vehicle based on probable cause for a violation of 75 Pa.C.S. § 3313(d)?

_____

[1] The trial court enumerated findings of fact, however, we have grouped them together for ease of discussion.

- 2 -

Brief for Appellant, at 4.

When reviewing an order denying a defendant's motion to suppress, we must determine "whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error." *Commonwealth v. McClease*, 750 A.2d 320, 323 (Pa. Super. 2000). In so doing, we may consider "only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Maxon*, 798 A.2d 761, 765 (Pa. Super. 2002). "Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts." *McClease*, 750 A.2d at 323-24.

Vehicle Code Section 3313 provides:

**(d) Driving in right lane.—**

(1) Except as provided in paragraph (2) [(relating to vehicles over 10,000 pounds)] and unless otherwise posted, upon all limited access highways having two or more lanes for traffic moving in the same direction, all vehicles shall be driven in the right-hand lanes when available for traffic except when any of the following conditions exist:

(i) When overtaking and passing another vehicle proceeding in the same direction.

(ii) When traveling at a speed greater than the traffic flow.

(iii) When moving left to allow traffic to merge.

(iv) When preparing for a left turn at an intersection, exit or into a private road or driveway when such left turn is legally permitted.

75 Pa.C.S. § 3313(d)

In this case, the Troopers testified that they observed Richards driving slower than the traffic in the right lane and that he could have moved into the right lane. However, the video shows Richards complying with the law the entire time and actually passing vehicles in the right lane as he traveled in the left lane. As the trial court noted,

> [a]lthough the Commonwealth's position is that [Richards] had the opportunity to get into the right lane at several points, the statute does not mandate that he do so. Rather, the statute specifically allows for travel in the left lane when overtaking and passing another vehicle proceeding in the same direction, or when traveling at a speed greater than the traffic flow. As . . . the evidence indicate[s] that [Richards] was doing exactly that, we are constrained to find that there was not sufficient [probable causeto stop him] and will suppress the seizure of the marijuana[.]

Trial Court Opinion, 5/16/16, at 5 (quotation marks omitted). We agree that any violation of the statute appears to have been a *de minimis* violation. **See Commonwealth v. Slattery**, 139 A.3d 221, 225 n.8 (Pa. Super. 2016) (*de minimis* violations of Vehicle Code do not provide probable cause for stop).

Accordingly, viewing the evidence in the context of the record as a whole, we defer to the trial court's conclusion that no probable cause existed to find that Richards violated section 3313(d) and that the resulting search of Richards' car was fruit of the poisonous tree. **Maxon**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2017