J-S45040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE W. HOUSTON, | : | |
| | : | |
| Appellant | : | No. 2114 EDA 2016 |

Appeal from the Judgment of Sentence June 27, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011491-2015

BEFORE:  GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:     **FILED SEPTEMBER 12, 2017**

Tyrone W. Houston (Appellant) appeals from the judgment of sentence entered June 27, 2016, after he was found guilty of carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possession of a small amount of marijuana. We affirm.

The trial court offered the following summary of the facts underlying this case.[1]

> Police Officer Jason Reid testified that at around 8:49 p.m. on August 22, 2015, he was on routine highway patrol in an unmarked vehicle on the 1200 block of South 53rd Street in Philadelphia.  Officer Reid was patrolling that particular area because a homicide had occurred the night prior.  While on patrol, he encountered [Appellant] in a black Cadillac Eldorado with heavily tinted windows.  Officer Reid pulled [Appellant] over to further investigate the suspected motor vehicle code violation. Officer Reid described the windows as "[a]lmost pitch black."

---

[1] The trial court cites exclusively to the transcript regarding Appellant's motion to suppress.

* Retired Senior Judge assigned to the Superior Court

Once pulled over, Officer Reid began to approach [Appellant's] vehicle and ordered him to roll down the windows. [Appellant] complied. As he walked toward the car, Officer Reid observed a heavy smell of burnt marijuana emanating from inside the vehicle. [Appellant] was dressed in his work attire and had tools scattered throughout the car. [Appellant] gave Officer Reid his driver's license. Officer Reid observed a burned marijuana cigar next to [Appellant's] leg. Officer Reid then asked [Appellant] if he had any more marijuana in the car. [Appellant] said he did and also acknowledged that he had an unloaded firearm in his right pants pocket. At the time these statements were made, [Appellant] was still seated in the driver's seat. He was not handcuffed and the officers had not drawn their weapons. Officer Reid asked [Appellant] if he had a permit to carry a firearm, which he declined. [Appellant] also explained that the ammunition for the gun was in the trunk of his car. Officer Reid asked [Appellant] to put his hands on the back of his head. Officer Reid reached over [Appellant] and recovered an unloaded black handgun. The officers also recovered the burnt marijuana cigar as well as several packets of unburnt marijuana from the visor above the driver's seat.

[Appellant's] mother, Sherry Houston, testified during the motion hearing. She stated that prior to his arrest, [Appellant] was [] at her house for dinner. She stated that when he left, the windows of his car were rolled completely down because the air conditioner was not functioning properly. [Appellant] himself also testified, refuting the testimony of Officer Reid. He too claimed that the windows of his car were rolled down when he was pulled over. He testified that Officer Reid told him he smelled weed, but wasn't concerned about it. He stated that Officer Reid told him "you know what the F I'm looking for" and reached through his window and started patting him down. However, [Appellant] admitted during his testimony that the back windshield of his vehicle is also tinted.

Trial Court Opinion, 10/4/2016, at 1-3 (citations omitted).

Appellant sought to suppress the physical evidence, averring his arrest

was illegal. Motion to Suppress, 12/28/2015. Following a hearing, the trial

court denied Appellant's motion, and he subsequently pled guilty to the aforementioned charges.

However, Appellant filed for and was granted permission to withdraw his guilty plea, and eventually proceeded to a non-jury trial. Following his trial, Appellant was found guilty and sentenced to an aggregate term of incarceration of time-served to twenty-three months incarceration, followed by six years' probation. This timely-filed appeal followed.[2]

Appellant presents the following question for our review: Did not the trial court err in denying the motion to suppress, as the court's legal analysis was based on a misreading of the Motor Vehicle Code? Appellant's Brief at 3.

We address Appellant's sole issue on appeal mindful of the following.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court[] below are subject to our plenary review.

---

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Perel*, 107 A.3d 185, 188 (Pa. Super. 2014) (quoting

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010)). "Moreover,

appellate courts are limited to reviewing only the evidence presented at the

suppression hearing when examining a ruling on a pre-trial motion to

suppress." *Commonwealth v. Stilo*, 138 A.3d 33, 35–36 (Pa. Super.

2016).

The following principles guide our review if this matter.

> **(b) Authority of police officer.--**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308.

> Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of [subs]ection 6308(b) must serve a stated investigatory purpose. *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*) (citation omitted). For a stop based on the observed violation of the vehicle code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop. *Feczko*, 10 A.3d at 1291 ("Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation.").

*Commonwealth v. Bush*, 2017 WL 3046959 (Pa. Super. filed July 19,

2017) (some quotation marks omitted).

- 4 -

At the suppression hearing, Officer Reid testified that he stopped Appellant's vehicle due to the car's heavily tinted windows, which the officer suspected was a violation of 75 Pa.C.S. § 4524(e)(1) ("No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.").

> If the alleged basis of a vehicular stop is to determine whether there has been compliance with the Commonwealth's vehicle code, it is incumbent upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the code. However, if an officer stops a vehicle for the purpose of obtaining necessary information to enforce the provisions of the code, the stop need only be based on reasonable suspicion that a violation of the code has occurred.

*Commonwealth v. Slattery*, 139 A.3d 221, 222–23 (Pa. Super. 2016) (citation omitted). Because 75 Pa.C.S. § 4524(e)(1) sets forth exceptions[3]

---

[3] *See* 75 Pa.C.S. § 4524(e)(2)(i-ii)

(2) This subsection does not apply to:

(i)     A vehicle which is equipped with tinted windows of the type and specification that were installed by the manufacturer of the vehicle or to any hearse, ambulance, government vehicle or any other vehicle for which a currently valid certificate of exemption has been issued in accordance with regulations adopted by the department.

(ii) A vehicle which is equipped with tinted windows, sun screening devices or other materials which comply with all applicable Federal regulations and for which a currently valid

- 5 -

to this provision, thus allowing certain individuals to drive vehicles with tinted windows, Officer Reid needed to stop the vehicle to obtain further information to confirm that Appellant was indeed in violation of the above-referenced provision. Thus, as confirmed by Appellant, the Commonwealth, and the trial court, only reasonable suspicion was needed by Officer Reid to initiate a stop of Appellant's vehicle. "The determination of whether an officer had reasonable suspicion that criminality was afoot so as to justify an investigatory detention is an objective one, which must be considered in light of the totality of the circumstances." *Commonwealth v. Holmes*, 14 A.3d 89, 96 (Pa. 2011).

Appellant argues that Officer Reid did not have reasonable suspicion to stop his vehicle. Appellant's Brief at 8. Specifically, Appellant avers that the testimony elicited at the suppression hearing, which he contends was found credible by the trial court,[4] confirms Appellant's assertion that all of the windows in his vehicle were down, and thus the officer would have been unable to view whether the side windows were tinted. *Id.* Furthermore, Appellant contends that the plain reading of the statute cited *supra*, only "prohibits driving while the side windows or front windshield are obstructed

---

certificate of exemption for medical reasons has been issued in accordance with regulations adopted by the department.

[4] In support of this averment, Appellant contends that "[t]he trial court stated in her findings of fact, regarding [Appellant's] testimony about the windows: '[Appellant] testified to that fact and I do believe he was being candid with the [trial court] with regard to that fact.'" Appellant's Brief at 9 (citation omitted).

by tinting," and therefore, the officer's observation that Appellant's rear window was tinted, is of no moment, since the statute does not prohibit the rear window from being tinted. *Id.* at 8- 14.

In its 1925(a) opinion, the trial court offered the following analysis:

Officer Reid testified that the basis for the traffic stop was because the car had "heavy tinted windows" that were "[almost] pitch black" and prevented him from seeing inside the vehicle even with the aid of his flashlight. These observations gave rise to a suspected violation of the [Motor Vehicle Code] provision barring window tint and gave Officer Reid the requisite reasonable suspicion and probable cause needed to stop [Appellant's] car. Th[e trial court] found Officer Reid credible despite a factual dispute between the testimonies of Officer Reid and [Appellant] about whether the windows were rolled down. However, even if the discrepancy were to be resolved in favor of [Appellant], the fact that his rear windshield was tinted was sufficient on its own to raise reasonable suspicion of a violation.

Trial Court Opinion, 10/4/2016, at 4 (citations omitted). The trial court also provided further reasoning for denying Appellant's motion, on the record after the hearing.

Thank you. I have reached my finding of facts and conclusions of law with regard to this case. In regards to the stop that occurred on the 1200 Block of South 53rd Street, this Court does find that Officer Reid is an officer in the Highway Patrol Unit. He has eight years in narcotics. That on August 22nd of 2015, he was in an unmarked patrol car with his partner, Officer Rivera, in full uniform. That at approximately 8:49 p.m., there was a vehicle investigation of [Appellant's] car, in which [Appellant's] car was pulled over.

During that time Officer Reid stated that he saw tint on the windows of the car. Tint dark enough that he could not see inside with the lights of his patrol car and his flashlight. He stated that Officer Rivera was on the passenger's side of the vehicle at the time of this stop. He stated that the defendant was compliant and that he rolled down the windows when asked.

- 7 -

That Officer Reid smelled an odor of burnt marijuana at that time.

* * *

I did take testimony from Ms. Houston and I heard Ms. Houston's [(Appellant's mother)] testimony as well as [Appellant's] testimony. With regard to their testimony, I think that one of the deciding factors for me in this particular case is with regard to the tint on that back window. The actual motor vehicle code does not specify that it needs to be the front windshield. It says "windshield." I believe that that applies both to the front and the back windshield, and I think that is the intent of the legislator--based on the fact that all other windows in the vehicle are enumerated within the code.

[Appellant] testified to that fact and I do believe he was being candid with the [trial court] with regard to that fact. Because of that, I do deny the motion to suppress. I do find that there was reasonable suspicion and probable cause in this case and I believe that it was elevated by statements made by [Appellant] at the time. Additionally, the actual smell of marijuana, alone, and the observation of the blunt would have allowed Officer Reid to make a valid arrest on possession of marijuana and with the possibility of DUI.

N.T., 1/20/2016, at 32-34.

Here, it is clear the trial court found Officer Reid's testimony, that Appellant's side windows were up when he initiated the stop, credible.[5] Not only was this fact stated in the court's findings of fact, but also reiterated in

_____

[5] In finding as such, we disagree with Appellant's interpretation of the court's findings and credibility determinations. A reading of the transcript as a whole shows that the trial court's statement that "[Appellant] testified to that fact and I do believe he was being candid with the [trial court] with regard to that fact" was preceded by the court's finding that the back window was tinted, and that Appellant had admitted to that fact. N.T., 1/20/2016, at 33. We decline to conclude that the trial court's statement should be read to include all of Appellant's testimony, especially in light of the court's opinion reiterating that it had found Officer Reid more credible than Appellant.

the trial court's 1925 opinion, wherein the court specifically stated that it "found Officer Reid credible despite a factual dispute between the testimonies of Officer Reid and [Appellant] about whether the windows were rolled down." Trial Court Opinion, 10/4/2016, at 4. Because the trial court credited Officer Reid's testimony concerning the side windows, and Appellant admitted his side windows were indeed tinted, N.T., 1/20/2016, at 21, Officer Reid had the requisite reasonable suspicion needed to initiate the stop of Appellant's vehicle.

Although the trial court found persuasive the fact that all parties agreed that the back window was tinted, and interpreted 75 Pa.C.S. § 4524(e)(1) as prohibiting such tinting, the trial court's credibility determination that Officer Reid observed Appellant's tinted side windows is dispositive. "As this Court has often reiterated: It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa. Super. 2006) (citation and quotations omitted). In light of the trial court's credibility determination that Officer Reid observed the tint on Appellant's side windows, we need not resolve whether 75 Pa.C.S. § 4524(e)(1) includes the back window/windshield.

Thus, we are unconvinced that any of Appellant's arguments entitles him to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2017