J-S30030-20

2020 PA Super 226

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SUJAN GURUNG | : | No. 1872 WDA 2019 |

Appeal from the Order Entered December 4, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001960-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

OPINION BY McLAUGHLIN, J.:                    **FILED SEPTEMBER 17, 2020**

The Commonwealth appeals from the order granting the motion to suppress filed by Sujan Gurung. The Commonwealth argues that the police had probable cause to stop Gurung's vehicle when Gurung failed to use a turn signal before moving from one lane of traffic to another. We agree and therefore reverse the order of the suppression court and remand for further proceedings.

Pennsylvania State Police stopped Gurung's vehicle on March 28, 2019, in Summit Township, Erie, Pennsylvania. Thereafter, Gurung was ultimately charged with Driving under the Influence of Alcohol (General Impairment), Driving under the Influence of Alcohol (High Rate of Alcohol) and the summary

_____

* Former Justice specially assigned to the Superior Court.

offenses of Turning Movements and Required Signals, Careless Driving, and Unlawful Activities.[1]

Prior to trial, on October 7, 2019, Gurung filed the suppression motion. Gurung claimed that the police lacked reasonable suspicion or probable cause to stop his vehicle and therefore the court should suppress all evidence emanating from the stop. The suppression court conducted an evidentiary hearing at which Pennsylvania State Police Trooper Nathan Hartless testified regarding his stop of Gurung's vehicle.

Trooper Hartless explained that on the night in question, the Presque Isle Downs Casino had placed a call to police barracks stating Gurung and two others were intoxicated and had recently left the premises, and gave a description of their vehicle. N.T. 12/4/19, at 5. Trooper Hartless spotted a vehicle resembling the one the casino had reported – later identified as Gurung's vehicle – and followed it on Interstate 90 westbound. *Id.* at 5-6. The Trooper testified that he observed Gurung twice fail to activate his turn signal when changing lanes on an off-ramp. *Id.* at 6-8. First, Trooper Hartless saw Gurung move from the left lane to the right without a turn signal and then the Trooper observed Gurung move from the center lane to the right lane without a signal when the ramp widened. *Id.* The Trooper did acknowledge that Gurung activated his turn signal when he made a right-hand turn at the end of the exit ramp. *Id.*

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(b), 3334(a), 3714(a), and 4107(b)(2), respectively.

Trooper Hartless stated that he believed he had probable cause to stop Gurung under 75 Pa.C.S.A. § 3334 (Turning Movements and Required Signals) because Gurung did not use a turn signal when changing lanes. *Id.* He did confirm that other than Gurung's failure to activate his turn signal, Gurung changed lanes safely.[2] *Id.* at 13-14. Hence, the Trooper admitted that the only basis he had to stop Gurung was his violation of Section 3334. *Id.* at 15-16.

At the conclusion of the suppression hearing, Gurung argued that the plain wording of Section 3334 does not require drivers to activate a turn signal when changing lanes of traffic, as long as the driver can make the change safely. *Id.* at 19-24. The suppression court agreed. It thus found that the Commonwealth had failed to establish that Trooper Hartless had probable cause to stop Gurung, and granted the motion. *Id.* at 31-32. The Commonwealth filed the instant timely appeal and certified that the suppression order would "terminate or substantially handicap the prosecution." Notice of Appeal, filed Dec. 4, 2019. The Commonwealth and the suppression court both complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issues for our review:[3]

---

[2] A mobile video recording (MVR), as recorded from Trooper Hartless's police cruiser, confirmed the Trooper's testimony.

[3] The suppression court concludes that the Commonwealth waived its issues on appeal by finding that the Commonwealth's Rule 1925(b) statement lacked

1. Did the arresting Pennsylvania State Police Trooper possess reasonable suspicion and/or probable cause to believe that [Gurung] had committed a violation of the Motor Vehicle Code, and was he, therefore, justified in executing a traffic stop of [Gurung's] vehicle?

2. Did the lower court abuse its discretion in granting [Gurung's] [suppression motion]?

Commonwealth's Br. at 4.

The Commonwealth's issues on appeal are intertwined and therefore we will address them together. The root of the Commonwealth's claims lies in its contention that the suppression court erred by construing 75 Pa.C.S.A. § 3334 as not requiring drivers to employ a turn signal when changing traffic lanes. Thus, the Commonwealth asserts, Trooper Hartless had probable cause to stop Gurung's vehicle because he failed to use his turn signal when changing lanes. Therefore, according to the Commonwealth, the suppression court erred by granting Gurung's suppression motion. We agree.

We apply the following standard of review to orders granting motions to suppress:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The

---

detail and the court was unable to discern the issue. The issue the Commonwealth presented in its Rule 1925(b) statement was: "The Honorable Trial Court erred in granting the defendant's Motion to Suppress. The arresting officer possessed reasonable suspicion and/or probable cause to believe that the defendant had committed a violation of the Motor Vehicle Code, and was justified in executing a traffic stop of the defendant's vehicle." This was sufficiently clear under the circumstances, and we decline to find waiver.

suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

**Commonwealth v. Newsome**, 170 A.3d 1151, 1153-54 (Pa.Super. 2017) (quoting **Commonwealth v. Korn**, 139 A.3d 249, 253-54 (Pa.Super. 2016)). We therefore apply a *de novo* review over the suppression court's legal conclusions. **Id.** at 1154 (quoting **Korn**, 139 A.3d at 253).

Where a traffic stop is "based on the observed violation of the Vehicle Code or [an] otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." **Commonwealth v. Harris**, 176 A.3d 1009, 1019 (Pa.Super. 2017) (citing **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa.Super. 2010) (*en banc*)). "[A] police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." **Id.** (citing **Commonwealth v. Chase**, 960 A.2d 108 (Pa. 2008)).

Here, the traffic stop was based on a failure to use a turn signal and, therefore, the officer properly needed probable cause to effectuate the stop. **Commonwealth v. Brown**, 64 A.3d 1101, 1105 (Pa.Super. 2013) (finding probable cause needed where driver stopped for failing to use turn signal). The suppression court interpreted the Vehicle Code and determined that Trooper Hartless lacked probable cause to stop Gurung's vehicle because Gurung's failure to use a turn signal did not violate Section 3334. That section provides:

> **(a) General rule.--**Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream

from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

**(b) Signals on turning and starting.--**At speeds of less than 35 miles per hour, an appropriate signal of intention to turn right or left shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. The signal shall be given during not less than the last 300 feet at speeds in excess of 35 miles per hour. The signal shall also be given prior to entry of the vehicle into the traffic stream from a parked position.

**(c) Limitations on use of certain signals.--**The signals required on vehicles by section 3335(b) (relating to signals by hand and arm or signal lamps) shall not be flashed on one side only on a disabled vehicle, flashed as a courtesy or "do pass" signal to operators of other vehicles approaching from the rear, nor be flashed on one side only of a parked vehicle except as may. be necessary for compliance with this section.

**(d) Discontinuing turn signals.--**Turn signals shall be discontinued immediately after completing the turn or movement from one traffic lane to another traffic lane.

75 Pa.C.S.A. § 3334.

When interpreting a statute, we apply the principles set forth in the Statutory Construction Act, including the "maxim that the object of statutory construction is to ascertain and effectuate legislative intent." ***Commonwealth v. Shiffler***, 879 A.2d 185, 189 (Pa. 2005) (citing 1 Pa.C.S.A. § 1921(a)). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Further, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." ***Shiffler***, 879 A.2d at 189 (citation omitted). However, "in ascertaining the General Assembly's intent, we may presume that the General Assembly does not

intend a result that is absurd, impossible of execution, or unreasonable." ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super. 2008) (citing 1 Pa.C.S.A. § 1922(1)).

Courts are to presume "that the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S.A. § 1922(2). To that end, "[c]ourts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute. . . ." ***Commonwealth v. Boyles***, 104 A.3d 591, 594 (Pa.Super. 2014). We thus start our analysis from the premise "that the legislature placed every word, sentence and provision in the statute for some purpose," and if we can reconcile seemingly inconsistent provisions, we must do so. ***Commonwealth v. Morris***, 958 A.2d 569, 579 (Pa. Super. 2008) (*en banc*).

In the case *sub judice*, the rules of statutory construction lead us to conclude that 75 Pa.C.S.A. §3334 requires drivers to use a turn signal when moving from one lane of traffic to another. Subsection 3334(a) provides that "no person shall . . . move from one traffic lane to another . . . unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section." This plain language indicates that drivers may only move from one lane of traffic to another if the driver **both** can make the movement safely **and** has given an appropriate signal. ***See Shiffler***, 879 A.2d at 189.

The suppression court and Gurung contend that the final phrase in the quoted portion, "in the manner provided in this section," undermines our

conclusion. They contend that subsection 3334(b) is the portion of "this section" (*i.e.*, Section 3334) where "the manner" of using a signal is "provided." They point out that subsection 3334(b) does not mention using a turn signal when changing lanes, but rather only sets the timing for signaling before making a turn and requires a signal when moving "from a parked position."

This line of reasoning violates the Statutory Construction Act and is untenable. Perhaps the most significant flaw is that it reads the phrase, "move from one traffic lane to another" out of subsection 3334(a). That we cannot do. Rather, we must give effect to all provisions of the statute. **See** 1 Pa.C.S.A. 1922(2). We therefore read the portion of subsection 3334(a) requiring signals "in the manner provided in this section" merely indicates that other portions of Section 3334, such as subsection 3334(b), set forth additional specifics regarding the use of the signal, where appropriate. **See Shiffler**, 879 A.2d at 189. Otherwise, we are left with the absurd conclusion that the General Assembly placed the words "moving from one traffic lane to another" in subsection 3334(a) for no reason at all.

Indeed, reading Section 3334 as a whole supports the conclusion that the requirement to use a turn signal applies to changing lanes of traffic, as other portions of Section 3334 would be read into nothingness if we follow Gurang's line of reasoning. Of note, subsection 3334(d) requires "[t]urn signals shall be discontinued immediately after completing . . . movement from one traffic lane to another traffic lane." 75 Pa.C.S.A. § 3334(d). If drivers

were not required to employ a signal to move from one lane of traffic to another, subsection 3334(d) would be superfluous. **See Boyles**, 104 A.3d at 594.

Gurang's citation to this Court's decision in **Commonwealth v. Slattery**, 139 A.3d 221, 224 (Pa.Super. 2016), is inapposite. There, this Court concluded that the police officer in question did not have probable cause to stop a defendant's car when the defendant had activated his turn signal less than 100 feet before changing lanes. **Id.** The Court emphasized that while subsection 3334(b) requires a driver to use a signal 100 feet before turning, it does not set forth any distance that a driver must signal before changing lanes. **Id.** That conclusion in no way contradicts our holding in this case. Here, the officer did not stop Gurung because he turned on his signal less than 100 feet before turning. Rather, Gurung did not activate his turn signal **at all** prior to changing traffic lanes.

Moreover, in **Slattery** we did not hold that subsection 3334(a) does not require drivers who are changing lanes to use a turn signal. In fact, Pennsylvania courts have long held the opposite. **See Sollinger v. Himchak**, 166 A.2d 531, 533-34 (Pa. 1961) (holding "[o]ne does not have the absolute right to turn into or cross another lane of traffic and may do so only after signaling an intention so to do and first having reasonably assured himself that, by his so doing, others using the highway will not be placed in danger of injury"); **Commonwealth v. Spieler**, 887 A.2d 1271, 1275 (Pa.Super. 2005) (holding lower court properly denied a suppression motion where officer had

probable cause to stop the appellant because appellant changed lanes several times without using appropriate signals, in violation of Section 3334). Accordingly, the suppression court thus erred in determining that Trooper Hartless did not have probable cause to stop Gurung's vehicle, and we reverse the suppression order.

Order reversed. Case Remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2020