J-S04037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRON D. JOHNSON | : | No. 837 MDA 2020 |

Appeal from the Order Entered May 13, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002905-2019

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　**FILED MARCH 30, 2021**

The Commonwealth of Pennsylvania appeals from the Order granting the Motion to Suppress filed by Tyron D. Johnson ("Johnson").[1,2]  We reverse and remand for further proceedings.

On June 21, 2019, Wilkes-Barre City Police Department Police Officer Peter Cordaro ("Officer Cordaro") was operating a marked police cruiser on routine patrol on Park Avenue, Wilkes-Barre, Pennsylvania.  Park Avenue, in

---

[1] In accordance with Pa.R.A.P. 311(d), the Commonwealth certified that the suppression court's suppression Order has substantially handicapped its prosecution of the case.  ***See Commonwealth v. Jones***, 69 A.3d 180, 185 (Pa. 2013) (stating that the Commonwealth's appeal of a suppression order is proper when the Commonwealth certifies in good faith that the suppression order substantially handicaps its prosecution).

[2] The Commonwealth purports to appeal from the suppression Order entered on May 15, 2020.  However, the docket indicates the suppression Order was filed on May 13, 2020.  We have corrected the caption accordingly.

this area, is a two-lane road, with one lane traveling in each direction. At approximately 9:29 p.m., while driving in the northbound lane of Park Avenue, Officer Cordaro stopped behind a vehicle that was flashing its four-way hazard lights. The vehicle began to slowly move forward, and Officer Cordaro followed suit. At about the same time, a silver Chevrolet approached behind Officer Cordaro, changed lanes into the opposing lane of traffic, to pass Officer Cordaro and the vehicle in front of him. After passing both Officer Cordaro and the vehicle in front of him, the silver Chevrolet merged back into the right, northbound lane. Officer Cordaro observed that the silver Chevrolet failed to utilize its turn signal when it merged back into the right, northbound lane. Officer Cordaro activated his lights and sirens, and effectuated a traffic stop of the silver Chevrolet on Park Avenue, just before the East South Street intersection. As Officer Cordaro exited his police cruiser and approached the silver Chevrolet, he smelled a strong odor of alcohol.[3] Officer Cordaro subsequently identified Johnson as the driver of the silver Chevrolet.

On September 9, 2019, Johnson was charged with one count each of driving under the influence ("DUI"): general impairment/incapable of driving

_____

[3] We observe that the Affidavit of probable cause indicates that subsequent testing revealed Johnson's blood alcohol content to be .204%. **See** Affidavit of Probable Cause, 7/2/19, at 1.

safely – 3rd offense, DUI: highest rate of alcohol – 3rd Offense, driving while operating privilege is suspended or revoked, and careless driving.[4]

On January 17, 2020, Johnson filed a Motion to Suppress, arguing that Officer Cordaro did not have reasonable suspicion or probable cause to conduct the traffic stop. On February 25, 2020, the suppression court conducted a hearing on Johnson's Motion.

On May 13, 2020, the suppression court issued its Order and Opinion granting Johnson's Motion to Suppress. The Commonwealth filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

The Commonwealth now presents the following claim for our review: "Whether the suppression court incorrectly granted [Johnson]'s suppression Motion[,] when the record showed [that Officer Cordaro] had probable cause to stop [Johnson] because he did not use his turn signal?" Commonwealth's Brief at 4.

When the Commonwealth appeals from the grant of a suppression order, we adhere to the following standard of review:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court,

---

[4] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 1543(b)(1)(1.1)(i), 3714(a).

whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Korn*, 139 A.3d 249, 253-54 (Pa. Super. 2016) (citation omitted). We review the suppression court's legal conclusions *de novo*. *Id.* "[A]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." *Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa. Super. 2019) (citation omitted).

The Commonwealth argues that the suppression court erred in granting Johnson's Motion to Suppress, because the suppression court did not address Johnson's failure to utilize his turn signal when changing lanes. Commonwealth's Brief at 8-9. The Commonwealth, relying on this Court's recent decision in *Commonwealth v. Gurung*, 239 A.3d 187 (Pa. Super. 2020),[5] contends that Officer Cordaro had probable cause to effectuate a stop of Johnson's vehicle based upon Johnson changing lanes without utilizing his turn signal. *Id.* The Commonwealth acknowledges that Johnson was not charged with a violation of 75 Pa.C.S.A. § 3334 (relating to turning

---

[5] In *Gurung*, this Court, interpreting 75 Pa.C.S.A. § 3334, concluded that police had probable cause to effectuate a traffic stop where the driver had failed to use a turn signal for lane merges. *See Gurung*, 239 A.3d at 192.

movements and required signals),[6] but asserts that "an officer is not required to charge a defendant with every traffic violation." *Id.* at 9.

Probable cause is required to effectuate a traffic stop based on a suspected violation of the Motor Vehicle Code, including turning movements and required signals. *Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013). When determining whether the police had probable cause, this Court employs a totality of the circumstances analysis. *Brown*, 64 A.3d at 1105. "[A] police officer has probable cause to stop a motor vehicle if the [police] officer observes a traffic code violation[.]" *Gurung*, 239 A.3d at 191.

> [W]hile an actual violation of the [Motor Vehicle Code] need not ultimately be established to validate a vehicle stop, a police officer must have a reasonable and articulable belief that a vehicle or driver is in violation of the [Motor Vehicle Code] in order to lawfully stop the vehicle. **The issuance of a citation by** [**a police**] **officer** for a violation of the [Motor Vehicle Code] is a matter within the **sole discretion of that** [**police**] **officer**.

*Commonwealth v. Spieler*, 887 A.2d 1271, 1275 (Pa. Super. 2005) (citations and original brackets omitted, emphasis added).

_____

[6] Turning movements and required signals provides, in relevant part, the following:

> "Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section."

75 Pa.C.S.A. § 3334(a).

Section 3334(a) of the Motor Vehicle Code permits a driver to move from one lane of travel to another if the driver can make the movement with reasonable safety and **uses an appropriate signal**.  75 Pa.C.S.A. § 3334(a); *see also Gurung*, 239 A.3d at 192.

In its Order and Opinion, the suppression court solely addressed whether Officer Cordaro had probable cause to effectuate a traffic stop based upon a violation of 75 Pa.C.S.A. § 3714(a), relating to careless driving.  *See* Suppression Court Order and Opinion, 5/13/20, at 5-6; *see also* 75 Pa.C.S.A. § 3714(a) (providing that, "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.").  The suppression court aptly found, and the record supports, that Johnson had failed to utilize his turn signal when he re-entered the right, northbound lane of travel.  *See* Suppression Court Order and Opinion, 5/13/20, at 2.  However, the suppression court then concluded that Officer Cordaro's observations were insufficient to support a finding of probable cause because Officer Cordaro did not cite Johnson for a violation of Section 3334(a).  *Id.* at 6.  Additionally, the suppression court concluded "[t]he record simply fails to demonstrate **any** reasonable and articulable grounds to suspect a violation of the [Motor Vehicle Code]."  *Id.* at 5-6 (emphasis added).

We disagree.  The record demonstrates that on July 21, 2019, at approximately 9:29 p.m., Officer Cordaro observed a silver Chevrolet, driven

by Johnson,[7] pass his cruiser in the left lane of Park Avenue, Wilkes-Barre, Pennsylvania. N.T. (Suppression Hearing), 2/25/20, at 4-5; *see also id.* at 5 (wherein Officer Cordaro testified that the right lane of travel was for northbound traffic, and the left lane of travel was for southbound traffic); Suppression Court Order and Opinion, 5/13/20, at 1-3. Officer Cordaro testified that after Johnson's vehicle had passed his police cruiser, he observed Johnson re-enter the right, northbound lane of travel. N.T. (Suppression Hearing), 2/25/20, at 5; *see also* Suppression Court Order and Opinion, 5/13/20, at 2. Officer Cordaro stated that Johnson failed to utilize a turn signal when he re-entered the right, northbound lane of travel. N.T. (Suppression Hearing), 2/25/20, at 5; *see also* Suppression Court Order and Opinion, 5/13/20, at 2.

Upon review of the record, we conclude that Officer Cordaro's observations were sufficient to establish probable cause for the traffic stop. As discussed *supra*, the record reveals that Johnson failed to utilize his turn signal when he re-entered the right, northbound lane of travel, in violation of

---

[7] We note that Johnson failed to appear at the suppression hearing and the suppression hearing was conducted *in abstentia* with only Johnson's counsel, the Commonwealth, and Officer Cordaro present. N.T. (Suppression Hearing), 2/25/20, at 2-3; *see also* Suppression Court Order and Opinion, 5/13/20, at 3. However, a review of the notes of testimony demonstrates that Officer Cordaro identified Johnson as the driver of the silver Chevrolet, and Johnson's counsel conceded that Johnson was the driver of the silver Chevrolet during cross-examination. N.T. (Suppression Hearing), 2/25/20, at 5-6. Officer Cordaro's testimony, taken as a whole, as well as counsel's concession, establishes that Johnson was the driver of the silver Chevrolet.

Section 3334(a) of the Motor Vehicle Code. *See Gurung*, 239 A.3d at 192 (concluding that police had probable cause to effectuate a traffic stop where the driver failed to use a turn signal when performing a lane merge); *see also Spieler*, 887 A.2d at 1275 (stating that the issuance of a citation for the Motor Vehicle Code violation is not necessary to support a finding of probable cause). Thus, the suppression court erred in granting Johnson's Motion to Suppress. Accordingly, we reverse the suppression court's Order, and remand for further proceedings consistent with this Memorandum.

Order reversed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/30/2021