J-S03038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES D. PARKER, SR. | : | |
| | : | |
| Appellant | : | No. 947 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 6, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000076-2020

BEFORE:  LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED: FEBRUARY 24, 2022**

James D. Parker, Sr. (Parker) appeals from the judgment of sentence entered in the Court of Common Pleas of Mercer County (trial court) after his conviction of Driving Under the Influence (DUI) of Alcohol or Controlled Substance (fourth offense in ten years), 75 Pa.C.S. § 3802(a)(1), and related charges.[1]  Parker argues that the trial court erred in denying his motion to suppress evidence because the township police officers were outside their jurisdiction when they made the arrest.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The related charges included Driving While Operating Privilege is Suspended or Revoked—DUI Related, 75 Pa.C.S. § 1543(b)(1); Accidents Involving Damage to Attended Vehicle or Property, 75 Pa.C.S. § 3743(a); and Duty to Give Information and Render Aid, 75 Pa.C.S. § 3744(a).

We take the following factual background from the trial court's February 10, 2021 opinion and an independent review of the certified record, including the parties' May 28, 2021 stipulated facts.

**I.**

The underlying facts of this case are not in dispute. At approximately 8:00 P.M. on December 3, 2019, Hempfield Township Police Officer Ryan Polichena was dispatched to the Wendy's Restaurant at 43 Hadley Road, Greenville, Pennsylvania, for the report of a hit-and-run. He spoke with the victim upon his arrival at the restaurant and observed severe damage to the back of her vehicle as if it had been forcefully hit. The victim advised that she was stopped at the drive-through window when the rear of her vehicle was struck by a blue truck that fled the scene. The officer also spoke to a Wendy's employee who advised the incident was captured on video. He immediately viewed the video footage, which showed a blue Ford pickup truck with license plate number ZNZ3318 being operated by an elderly male with grey hair when it struck the victim's vehicle. The officer ran the license plate number and it came back to Suzanne Kincaid, who resided at 3792 Hadley Road, Clarks Mill, Pennsylvania, which is right outside Hempfield Township's jurisdiction and covered by the Pennsylvania State Police. He requested Officer Ian Kelly to assist him, and they immediately proceeded to the Hadley Road address. Officer Polichena notified the Pennsylvania State Police that he was going to the address on the registration for follow-up as part of the active investigation,

and they confirmed that no assistance would be rendered unless the officer requested it.

At the Hadley Road address, Officer Polichena observed the blue Ford pickup truck from the video with front-end damage consistent with the damage to the victim's vehicle. In full uniform and with a marked police vehicle, the officer knocked on the front door and Kincaid answered, attempting to close the door behind her. While speaking with her, the officer observed Parker, whom he recognized from the surveillance video, sitting on a couch inside. The officer explained to Kincaid that there was an accident and Parker was requested to come to the door. Officer Polichena did not see an alcoholic beverage near Parker on the couch but as he spoke to him from the door, he noticed that Parker had trouble putting on his shoes and when he stood up, he was stumbling severely toward the officers, hitting the walls multiple times and mumbling, "I wasn't driving and you can't prove shit." (Stipulated Facts, 5/28/21, at ¶ 18). Once Parker came outside, the officer observed that he was extremely intoxicated and detected the extreme odor of alcoholic beverages on Parker's breath. Kincaid said she had gotten home an hour ago and Parker arrived shortly thereafter.

Officer Polichena arrested Parker for DUI and transported him to Greenville UPMC for a legal blood draw. While in transport, Officer Polichena read Parker his rights from the DL-27 form. Upon arriving at UPMC Greenville, Officer Polichena opened the door for Parker, waking him. Officer Polichena

again read the DL-27 form to him and Parker began cursing at the officer and refused chemical testing. Parker became irate, stating, "fuck you it don't matter, I'll be driving before I even get to court." (*Id.* at ¶ 33). As the result of running Parker's driver's license, the officer discovered it was suspended for a previous DUI. (*See* N.T. Hearing, 1/05/21, at 5-15); (Stipulated Facts, at ¶¶ 1-33).

The Commonwealth filed a criminal information against Parker charging him with the aforesaid crimes. Parker then filed an omnibus motion for pre-trial relief (Omnibus Motion) seeking to suppress the evidence on the basis that the arresting officer could not legally effectuate his arrest because he was performing his official duties outside of his jurisdiction. (*See* Omnibus Motion, 12/10/20, at 1-2) (pagination provided). A hearing was held on the Omnibus Motion, at which the only testimony introduced was that of Officer Polichena on behalf of the Commonwealth. The officer testified consistent with the above facts.

At the conclusion of the hearing, the court entered an order directing the parties to submit proposed findings of fact and memoranda of law. The Commonwealth filed its findings of fact and conclusions of law on January 22, 2021, in which it asserted that Officer Polichena had jurisdiction pursuant to the "hot and fresh pursuit" exception to the Municipal Police Jurisdiction Act (MPJA), 42 Pa.C.S. § 8951-8955. Parker did not file either findings of fact or a memorandum. On February 10, 2021, the trial court entered a

memorandum opinion and order denying the Omnibus Motion on the basis that Officer Polichena had jurisdiction to perform his duties pursuant to the "officer on official business" exception of the MPJA. (**See** Trial Court Opinion, 2/20/21, at 3) (pagination provided).

On May 28, 2021, the case was submitted to the trial court for consideration based on the parties' stipulated facts. The court convicted Parker of the DUI and related charges contained in the criminal information. On August 6, 2021, Parker was sentenced to an aggregate term of incarceration of not less than eighteen nor more than thirty-six months, plus four years' probation. (**See** Sentence, 8/06/21). Parker timely appealed and complied with Rule 1925(b). **See** Pa.R.A.P. 1925.

On appeal, Parker raises one issue for this Court's review: Whether the trial court erred in denying his motion to suppress evidence obtained from the arrest where Officer Polichena lacked jurisdiction.[2] (**See** Parker's Brief, at 7, 12-15).

_____

[2] In considering a trial court's denial of a suppression motion:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

**II.**

Parker argues that Officer Polichena lacked jurisdiction to arrest him because he was outside of his jurisdiction and the arresting officer should have either obtained a warrant or called the Pennsylvania State Police to make the arrest, since it was their jurisdiction. (**See** Parker's Brief, at 12). He maintains that neither the hot pursuit exception argued by the Commonwealth nor the official business exception found by the trial court are applicable. (**See id.** at 13-18).

"[The MPJA] authorizes arrests, execution of search warrants and other official police conduct outside of an officer's primary jurisdiction in six specific circumstances." *Commonwealth v. O'Shea*, 567 A.2d 1023, 1029 (Pa. 1989), *cert. denied*, 498 U.S. 881 (1990). "The MPJA is intended to promote public safety while maintaining police accountability to local authority; it is not intended to erect **impenetrable jurisdictional walls benefiting only criminals hidden in their shadows.**" *Commonwealth v. Lehman*, 870 A.2d 818, 820 (Pa. 2005) (emphasis in original; brackets, internal quotation marks and citations omitted). It does not prohibit police officers from going "into other jurisdictions to ask questions therein, or to enter a residence

_____

We therefore apply a *de novo* review over the suppression court's legal conclusions.

*Commonwealth v. Gurung*, 239 A.3d 187, 190 (Pa. Super. 2020) (internal citations omitted).

therein upon the consent of its owners (and full disclosure of the officers' purpose) and observe what they observe therein. Such unobtrusive police conduct is outside the scope of section 8953, and is not illegal." ***O'Shea****, **supra* at 1029 (Pa. 1989). It provides, in pertinent part, that:

> **(a) General rule.** Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of this Commonwealth or otherwise perform the functions of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> (2) Where the officer is in hot pursuit of any person for any offense which was committed, or which he has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

42 Pa.C.S. § 8953(a)(2).[3, 4]

_____

[3] "The Statutory Construction Act of 1972 provides that the MPJA is not within the class of statutes to be strictly construed; rather, courts must construe the MPJA liberally to promote the interests of justice. 1 Pa.C.S. § 1928(b)[.]" ***O'Shea***, ***supra*** at 1029 (case citation omitted).

[4] The trial court declined to apply the hot pursuit exception contained in the MPJA, instead choosing to apply the official business exception, which provides:

> Where the officer is on official business and views an offense, or has probable cause to believe that an offense has been committed, and makes a reasonable effort to identify himself as a police officer and which offense is a felony, misdemeanor, breach of the peace or other act which presents an immediate clear and present danger to persons or property.

Parker argues that the hot pursuit exception does not apply because the chase was not immediate where the officers did not witness the hit-and-run and initiate pursuit, but instead "had to respond, view video, and then run a check of the registration and went to where the vehicle was found an hour later outside of their jurisdiction. Under Parker's view, an officer would have to view the incident but also have the vehicle or person under observation until the arrest is effectuated.

To satisfy the requirements of the exception at Section 8953(a)(2), the police officer must have probable cause to believe that the defendant committed a crime in his jurisdiction, and there must be "some sort of investigation and tracking of the perpetrator and that pursuit be immediate, continuous and uninterrupted." **Commonwealth v. Peters**, 965 A.2d 222, 225 (Pa. 2009). "Hot pursuit simply requires a chase. … [B]y its terms [it] does not require police observation of the criminal activity nor does it negate pursuits based on witness information as to the location of the suspect." **Commonwealth v. McPeak**, 708 A.2d 1263, 1266 (Pa. Super. 1998).

_____

42 Pa.C.S. § 8953(a)(5). However, as noted by the Commonwealth, this Court may affirm the court's decision on any basis apparent from the record. **In re A.J.R.-H**, 188 A.3d 1157, 1175-1176 (Pa. 2018) ("The 'right for any reason' doctrine allows an appellate court to affirm the trial court's decision on any basis that is supported by the record."); (Commonwealth's Brief, at 17-18). Because we agree with the Commonwealth that the hot and fresh pursuit exception applied, we decline to address whether the trial court properly found that official business exception was applicable.

Not only does it not require the officers to observe the incident, they also do not have to be in continuous contact to be engaged in "hot pursuit;" all that is required is the investigation be continuous from the time in incident. In **Peters**, a township police officer, after arriving on scene to investigate a report of a vehicle striking a telephone pole and leaving the scene of the accident, observed the broken telephone pole and spoke with witnesses, who described the vehicle as a white, compact pickup truck. After the vehicle was located in an adjacent municipality, the officer arrived on scene and observed the vehicle, which had damage consistent to what he observed at the accident scene and arrested the driver of the vehicle. The defendant driver moved to suppress his arrest based on a violation of the MPJA, which the trial court denied, and he was subsequently convicted of DUI. On appeal, our Supreme Court, supplementing the opinion of this Court[5] stated, "that 'hot pursuit' and 'fresh pursuit' [as used in Section 8953(a)(2)], require some sort of investigation and tracking of the perpetrator and that that pursuit be immediate, continuous and uninterrupted." **Peters**, **supra** at 225 (footnote omitted). In other words, all that is required for an officer to be in hot pursuit and fresh pursuit is that he be continuously investigating the crime when the defendant is apprehended in another jurisdiction. Parker provides no

---

[5] 915 A.2d 1213 (Pa. Super. 2007).

- 9 -

argument distinguishing the materially identical situation in this case from that of **Peters** to support a claim that we should reach the opposite result here.

In this case, the township police officers were continuously engaged, investigated the incident and arrested Parker a short time after it had occurred, as Kincaid told the police that at the time the officers arrived at her residence, she had only been home an hour and Parker arrived sometime after that. (**See** Stipulated Facts, at ¶ 23). Therefore, we conclude that the officers' pursuit was "immediate, continuous and uninterrupted" where they responded to the scene, investigated the crime by speaking to witnesses, viewed the video, ran the license plate and immediately went to the registered address in furtherance of their pursuit of the blue pickup truck involved in the collision, arriving at the home less than an hour after the hit-and-run occurred. **See Peters**, **supra** at 225.[6] Accordingly, the officer complied with the MPJA. **See id.**; **McPeak**, **supra** at 1266.

Moreover, even if Officer Polichena violated the MPJA, suppression was not automatically appropriate. **See O'Shea**, **supra** at 1030 ("a technical

---

[6] Parker also assumes that the purpose of the hot pursuit exception is to preserve evidence. (**See** Parker's Brief, at 14). However, he provides no legal authority for his assumption, and we are not aware of any, as the purpose of the MPJA is "to promote public safety while placing a general limitation on extraterritorial police patrols." **Commonwealth v. Merchant**, 595 A.2d 1135, 1138 (Pa. 1991); **see also Lehman**, **supra** at 820 ("The MPJA is intended to promote public safety while maintaining police accountability to local authority; it is not intended to erect **impenetrable jurisdictional walls benefiting only criminals hidden in their shadows**.") (emphasis in original; brackets, internal quotation marks and citations omitted).

violation of MPJA does not always warrant suppression of evidence."). "In noting the public safety purpose of the MPJA, our Supreme Court has held that a technical violation of MPJA does not always warrant suppression of evidence. Rather, when determining whether suppression is the appropriate remedy, a court should consider the totality of the circumstances of the case." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1249 (Pa. Super. 2011) (citing ***O'Shea***, ***supra*** at 1030); ***see also Commonwealth v. Henry***, 943 A.2d 967, 972 (Pa.Super. 2008) (when deciding suppression issues based on MPJA violations, a reviewing court must engage in a case-by-case analysis, based on the totality of the circumstances).

Here, based upon the totality of the circumstances, Parker would not be entitled to suppression, where Officer Polichena's conduct was reasonable under the circumstances and any violation merely technical. He had probable cause to believe that a hit-and-run had occurred and immediately obtained the offending vehicle's registered address, contacted the Pennsylvania State Police and went to the home. Had the Pennsylvania State Police arrested Parker, the result would have been the same, except for the possibility that the blood alcohol level could have been lost due to the passage of time. To conclude that such a minor violation warrants suppression would run afoul of the legislative intent behind the MPJA, which is to promote public safety, not to hinder law enforcement and shield criminal behavior. ***See Lehman***, ***supra*** at 820.

Accordingly, the trial court properly denied Parker's motion to suppress, and we affirm his judgment of sentence. **See Gurung**, **supra** at 190.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/24/2022