J-A14015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMIR VENEY | : | |
| | : | |
| Appellant | : | No. 443 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51--CR-0005719-2021


BEFORE:  LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:　　　　　　**FILED SEPTEMBER 6, 2024**

Jamir Veney appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia, following his conviction of firearms not to be carried without a license[1] and carrying firearms on public streets or public property in Philadelphia.[2]  On appeal, Veney contends the trial court erred in denying his motion to suppress.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On June 4, 2021, at approximately 8:19 p.m., Officer [Chris] Ficchi [] and his partner, Officer Smith,[3] were on duty as highway patrol officers in the area of 1900 West Huntington Street in the

---

[1] 18 Pa.C.S.A. § 6106.

[2] *Id.* at § 6108.

[3] Officer Smith's first name does not appear in the certified record or in the parties' briefs.

city of Philadelphia. Officer Ficchi and his partner witnessed [Veney] driving a vehicle with tinted windows and stopped [Veney] for the motor vehicle violation. Every window of [Veney's] vehicle was fully tinted, including the front window. Officer Ficchi testified that prior to the stop, he activated his lights and sirens. According to Officer Ficchi, [Veney] was the only person in the vehicle. Officer Ficchi testified that [Veney] rolled down all four of his car windows prior to being approached. Officer Smith walked towards the passenger[-]side window first, and then a few moments later, Officer Ficchi walked towards the driver's [-]side window. Once at the driver's[-]side window, Officer Ficchi began a conversation with [Veney], and he testified that [Veney] "appeared to be very nervous." Officer Ficchi saw [Veney] lean forward and lean towards the vehicle's cup holder. He noticed [Veney] kept moving his hands and asked him to stop moving his hands multiple times.

Officer Ficchi asked [Veney] for his driver's license and registration. He also asked [Veney], "Do you have a permit to carry, or anything that I need to know about?" [Veney] stated, "No. I just got this weed." Officer Ficchi then opened [Veney's] car door and saw a magazine from a handgun sticking out from under [Veney's] seat in between [Veney's] legs. Officer Ficchi testified that he did not move anything in [Veney's] vehicle, nor did he have to look for anything in order to observe the firearm from his vantage point. He also stated he had a flashlight in his hand at this time. Officer Ficchi then alerted his partner, who came to the driver's[-]side door. Officer Ficchi detained [Veney] while he was seated in the vehicle. Officer Ficchi asked [Veney] a second time if he had a license to carry, which [Veney] stated he did not.

[Officer Ficchi] then recovered the firearm, which was a Glock handgun, Model 19, .45 caliber[,] loaded with 32 live rounds [with] an extended magazine. [Veney] was then placed under arrest. No marijuana was retrieved from this incident, and [Veney] was not given a ticket for the window tint violation. [At the suppression hearing], Officer Ficchi testified he has been a highway patrol officer for about five years and has been a Philadelphia Police Officer for about 15 years.

Trial Court Opinion, 6/26/23, at 1-3.

Veney was arrested and charged with the above-mentioned firearms offenses. He filed a motion to dismiss[4] and a motion to suppress, both of which the court denied. Veney waived his right to a jury trial, and, on November 3, 2022, the trial court convicted him of both charges and sentenced him to three to six months' house arrest followed by 18 months of reporting probation. On appeal, Veney raises one issue:

> Was [the] motion to suppress evidence erroneously denied because [Officer Ficchi's] opening of [Veney's] car door after a traffic stop to look for marijuana was an unreasonable unconstitutional intrusion that tainted [Officer Ficchi's] observation of the firearm after he opened the door?

Appellant's Brief, at 2.

Our standard of review on appeal of the denial of a motion to suppress is to determine whether the certified record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. *See Commonwealth v. Gould*, 187 A.3d 927, 934 (Pa. Super. 2018) (internal citation and quotation marks omitted). We consider only the evidence of the prosecution's witnesses and so much of the defense's evidence as, fairly read in the context of the record as a whole, remains uncontradicted. *Id.* (internal citation and quotation marks omitted).

_____

[4] Veney also filed a motion to dismiss the charges against him on constitutional grounds. This claim was set forth in Veney's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Veney, however, has failed to raise this issue in his brief on appeal. *See* Pa.R.A.P. 2116(a) (" No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

If the record supports the factual findings of the suppression court, we will reverse only if there is an error in the legal conclusions drawn from those factual findings. *Id.* (internal citation and quotation marks omitted).

Where a traffic stop is "based on [an] observed violation of the Vehicle Code or [an] otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." ***Commonwealth v. Gurung***, 239 A.3d 187, 191 (Pa. Super. 2020) (citations omitted). An officer has probable cause to stop a motor vehicle "if the officer observes a traffic code violation, even if it is a minor offense." *Id.* at 191 (citations omitted). Veney does not dispute that the officers had probable cause to stop his vehicle based on the Vehicle Code violation. Veney argues that Officer Ficchi's opening of the driver's side door, rather than waiting for Veney to open it, was a constitutional violation. We disagree.

During a valid vehicle stop, an officer has the right to check the vehicle registration, the driver's license, and any other information required to enforce the Vehicle Code. ***See Commonwealth v. Mack***, 953 A.2d 587, 589 (Pa. Super. 2008). Moreover, a police officer may request a driver to alight from a lawfully stopped car, as a matter of right, without reasonable suspicion that criminal activity is afoot. ***See Pennsylvania v Mimms***, 434 U.S. 106, 108-11 (1977); ***Commonwealth v. Brown***, 654 A.2d 1096, 1102 (Pa. Super. 1995). ***See also Commonwealth v. Pratt***, 930 A.2d 561, 567-68 (Pa. Super. 2007) ("[A]llowing police officers to control all movement in a traffic encounter . . . is a reasonable and justifiable step towards protecting their

safety.") (footnotes omitted). *Cf. Mimms*, *supra* at 111 ("What is at most a mere inconvenience [to a driver who is asked to step out of his or her car during a traffic stop] cannot prevail when balanced against legitimate concerns for the officer's safety."); *Commonwealth v. Freeman*, 757 A.3d 903, 907 n.4 (Pa. 2000) (following lawful traffic stop, officer may order both driver and passengers of vehicle to exit vehicle for duration of initial stop, even absent reasonable suspicion that criminal activity is afoot) (citations omitted).

Here, Officer Ficchi acted lawfully in conducting a vehicle stop and was also permitted to question Veney for his and Officer Smith's safety and security. After Officer Ficchi observed that Veney "appeared to be very nervous," and Veney then stated that he had "this weed," Officer Ficchi was permitted to open the car door and ask Veney to step out of the car. Officer Ficchi testified that he had a flashlight, and that as soon as he opened the driver's-side door he observed the magazine from the handgun in plain view sticking out from under Veney's seat.

Veney argues that Officer Ficchi's opening of the driver's side door was an unconstitutional violation that tainted the officer's plain view of the magazine of the handgun. Appellant's Brief, at 8. Specifically, Veney claims Officer Ficchi did not observe the magazine from a lawful vantage-point. We disagree.

In *Horton v. California*, 496 U.S. 128 (1990), the United States Supreme Court adopted a three-pronged test for application of the plain view doctrine: (1) the police must observe the object from a lawful vantage-point;

(2) the incriminating character of the object must be immediately apparent; and (3) the police must have a lawful right of access to the object. *Id.* at 136-37. The Pennsylvania Supreme Court adopted this test in *Commonwealth v. McCullum*, 602 A.2d 313, 320 (Pa. 1992), and *Commonwealth v. Graham*, 721 A.2d 1075, 1079 (Pa. 1998). This Court, in *Commonwealth v. Brown*, 23 A.3d 544 (Pa. Super. 2011), defined what the phrase "lawful right of access to an object" means under the plain view doctrine. In *Brown*, we stated: "[W]here police officers observe incriminating-looking contraband in plain view in a vehicle from a lawful vantage-point, the lack of advance notice and opportunity to obtain a warrant provides the officer with a lawful right of access to seize the object." *Id.* at 556-57.

Here, Officer Ficchi observed the magazine sticking out from under the driver's seat, from a lawful vantage-point—a public street where Officer Ficchi lawfully stopped Veney for a Vehicle Code violation, following which Officer Ficchi had the right to order Veney out of the car for his and Officer Smith's safety. At the suppression hearing, Officer Ficchi testified that he "opened [the] door due to the fact [Veney] was being really nervous. He was reaching around. And when he told me he had narcotics in the vehicle, that is when I opened the door." N.T. Suppression Hearing, 9/22/22, at 21-22. Officer Ficchi stated: "I opened the door,[] just in case—it is a better stand point for me in case I have to go hands-on or deal with the actions of the defendant or the driver for that reason." *Id.* at 23.

Based on the circumstances, including Veney's behavior and admission regarding marijuana, the scope of the intrusion following the stop—opening the car door—was a "negligibly burdensome precaution" and objectively necessary for law enforcement safety. **See Commonwealth v. Ross**, 297 A.3d 787, 792-93 (Pa. Super. 2023) ("[t]raffic stops are especially fraught with danger to police officers, so an officer may need to take certain negligibly burdensome precautions in order to complete his mission safely.") (citations omitted); **see also Commonwealth v. Malloy**, 257 A.3d 142, 149 (Pa. Super. 2021) ("[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission—to address the traffic violation that warranted the stop, **and attend to related safety concerns**.") (emphasis added) (citation omitted).

We agree with the Commonwealth that, under these circumstances, the mere fact that Officer Ficchi opened the car door, rather than waiting for Veney to do so himself, does not rise to the level of a constitutional violation or vitiate the officer's lawful vantage-point. The record supports the suppression court's findings and legal conclusions. **Gould**, **supra**. Accordingly, the trial court properly denied Veney's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/6/2024</u>