J-S07038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN LAWAN BROWN | : | |
| | : | |
| Appellant | : | No. 1541 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 13, 2023
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001263-2018

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:         **FILED: APRIL 24, 2025**

Appellant, Jonathan Lawan Brown, appeals from the judgment of sentence entered in the Northumberland County Court of Common Pleas, following his bench trial conviction for charges related to driving under the influence ("DUI") of marijuana.[1] We affirm.

The relevant facts and procedural history of this matter are as follows.[2] On July 9, 2018, Trooper Matthew Lesher was on patrol in Turbot Township, Northumberland County, and observed a black vehicle. Upon checking the vehicle's registration, Trooper Lesher discovered it was suspended for insurance cancellation and the trooper activated his lights and sirens to stop the car.

---

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3802(d)(1)(iii), and 3802(d)(2), respectively.

[2] On appeal, Appellant challenges solely the denial of his suppression motion. Accordingly, we discuss the facts as presented at the suppression hearing.

As Trooper Lesher approached the vehicle from the passenger side, he observed Appellant in the driver's seat and smelled a strong odor of air freshener. Trooper Lesher identified himself and asked Appellant for his driver's license, registration, and insurance. Appellant stated that the car belonged to his brother, who was the passenger. Appellant's brother explained that he had canceled his insurance and delayed in getting new insurance, leading to the vehicle's registration suspension.

While Trooper Lesher questioned Appellant and his brother, the air freshener smell began to dissipate, and he smelled the odor of marijuana. The trooper asked Appellant to exit the vehicle so they could talk, at which time Trooper Lesher observed Appellant's dilated pupils, glassy bloodshot eyes, and an odor of marijuana emitting from Appellant's person. Trooper Lesher asked Appellant where they were coming from, and Appellant related that he was coming from Mercer County, where he had a DUI preliminary hearing.

After asking Appellant and his passenger whether they were in possession of marijuana, Appellant denied possession of marijuana himself but stated he was not aware if there was any marijuana in the vehicle. Appellant's brother admitted that there would be a clip or a roach in the vehicle and that he had smoked marijuana earlier.

Trooper Lesher then searched the vehicle and discovered a box with marijuana residue in the passenger door, and from the glove box, two grinders with marijuana residue, a knife, and a Bic lighter. Trooper Lesher then requested that Appellant perform field sobriety tests, which Appellant

ultimately failed. Appellant was placed in custody and subsequently admitted that he had smoked marijuana. Trooper Lesher read Appellant the DL-26 form and requested he undergo chemical testing; Appellant complied with this request and tested positive for THC. Appellant was charged with DUI and related offenses.

On April 17, 2019, Appellant filed his first motion to suppress, which the court denied following a hearing, on June 13, 2019. On June 17, 2019, Appellant filed a motion for reconsideration, which the court denied. On February 11, 2021, Appellant filed a second, supplemental motion to suppress, arguing that the odor of marijuana alone does not automatically provide police with probable cause to search an automobile, pursuant to **Commonwealth v. Barr**, \_\_\_ Pa. \_\_\_, 266 A.3d 25 (2021), and that warrantless searches of automobiles require both probable cause and exigent circumstances, which Appellant alleged were not present here. The trial court denied this motion on January 7, 2022.[3]

On January 10, 2023, following a bench trial, the court convicted Appellant of the aforementioned charges and acquitted him of careless driving. On October 13, 2023, the court imposed a term of five years' probation with the first 90 days as home confinement. On October 18, 2023, Appellant filed a counseled motion to stay the sentence, which the court granted on October

---

[3] The January 7, 2022 order indicates that a hearing was held on Appellant's second motion to suppress, but it is unclear from the docket and record on what day this hearing occurred. Notes of testimony from this hearing do not appear of record.

30, 2023. The court stayed Appellant's sentence for 60 days.

On November 2, 2023, Appellant timely filed a notice of appeal.[4] On November 20, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On November 30, 2023, Appellant complied. On December 11, 2023, Appellant filed an amended Rule 1925(b) statement.[5]

On appeal, Appellant raises the following issue for our review:

> 1. Did the [c]ourt below err as a matter of law in its denial of [Appellant's] first and second Motion to Suppress?

(Appellant's Brief at 2).

Appellant argues that the trial court erred in denying his suppression motions because there was no indication of impaired driving or violation of the vehicle code. According to Appellant, the sole reason for the continued investigation was the odor of marijuana, and that smell alone could not justify the investigation or support reasonable suspicion necessary to justify an investigative detention. Appellant concludes that the trial court erred by denying his suppression motions, and this Court must grant him relief. We disagree.

Our standard of review of a trial court's ruling on a

_____

[4] Appellant's notice of appeal incorrectly stated that he was appealing from the orders denying his motion for reconsideration of denial of his motion to suppress, the denial of his second motion to suppress, and the judgment of sentence. The docket has been corrected to reflect that Appellant's appeal is properly from his judgment of sentence.

[5] The statements appear to be identical.

> suppression motion is "whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Rosario***, 248 A.3d 599, 607 (Pa.Super. 2021). We are bound by the facts found by the trial court so long as they are supported by the record, but we review its legal conclusions *de novo.* ***Id.*** at 607-08. The trial court has sole authority to pass on the credibility of witnesses and the weight to be given to their testimony. ***Id.*** at 608. "Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defendant." ***Commonwealth v. Kane***, 210 A.3d 324, 329 (Pa.Super. 2019).

***Commonwealth v. Rivera***, 316 A.3d 1026, 1031 (Pa.Super. 2024).

> A police officer has the authority to stop a vehicle when he or she has **reasonable suspicion** that a violation of the vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. 75 Pa.C.S. § 6308(b). However, if the violation is such that it requires no additional investigation, the officer must have **probable cause** to initiate the stop.
>
> Put another way, if the officer has a legitimate expectation of investigatory results, the existence of reasonable suspicion will allow the stop—if the officer has no such expectations of learning additional relevant information concerning the suspected criminal activity, the stop cannot be constitutionally permitted on the basis of mere suspicion.

***Commonwealth v. Brown***, 64 A.3d 1101, 1105 (Pa.Super. 2013) (internal citations and quotations omitted) (emphasis in original). ***See also Commonwealth v. Gurung***, 239 A.3d 187, 191 (Pa.Super. 2020) (noting that where stop is based on observed violation of Vehicle Code or otherwise non-investigable offense, officer must have probable cause to make constitutional traffic stop). A "police officer has probable cause to stop a motor

vehicle if the officer observes a traffic code violation, even if it is a minor offense." *Id.*

Nevertheless,

[a]n investigative detention, unlike a mere encounter, constitutes a seizure of a person and thus activates the protections of Article 1, Section 8 of the Pennsylvania Constitution. To institute an investigative detention, an officer must have at least a reasonable suspicion that criminal activity is afoot. Reasonable suspicion requires a finding that based on the available facts, a person of reasonable caution would believe the intrusion was appropriate.

\* \* \*

Reasonable suspicion exists only where the officer is able to articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of intrusion warrant a [person] of reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Jones*, 874 A.2d 108, 116 (Pa.Super. 2005) (internal citations omitted).

In other words, "the question of whether reasonable suspicion existed at the time of an investigatory detention must be answered by examining the totality of the circumstances to determine whether there was a particularized and objective basis for suspecting the individual stopped of criminal activity." *Commonwealth v. Cottman*, 764 A.2d 595, 598-99 (Pa.Super. 2000) (quoting *Commonwealth v. Beasley*, 761 A.2d 621, 625-26 (Pa.Super.

- 6 -

2000), *appeal denied*, 565 Pa. 662, 775 A.2d 801 (2001)). "These circumstances are to be viewed through the eyes of a trained officer." ***Commonwealth v. Jackson***, 907 A.2d 540, 543 (Pa.Super. 2006).

> In making this determination, we must give due weight ... to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

***Commonwealth v. Young***, 904 A.2d 947, 957 (Pa.Super. 2006), *appeal denied*, 591 Pa. 664, 916 A.2d 633 (2006) (internal citations and quotation marks omitted).

Further, we note that the duration of police inquiries during a traffic stop is determined by the seizure's "mission" to address the traffic violation that warranted the stop, and to attend to related safety concerns. **See Commonwealth v. Ross**, 297 A.3d 787, 792 (Pa.Super. 2023) (citing ***Rodriguez v. United States***, 575 U.S. 348, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015)). When a stop "lasts longer than is necessary to complete its mission," it becomes unlawful. **Ross, supra** (internal citations omitted). The critical question is not whether the inquiry occurs before or after the issuance of a ticket, but whether it prolongs or adds time to the stop. **See id.** Police officers are permitted to request that drivers and passengers exit a "lawfully stopped car without reasonable suspicion that criminal activity is afoot." ***Commonwealth v. Rodriguez***, 695 A.2d 864, 868-69 (Pa.Super. 1997).

*See also Commonwealth v. Sloan*, 303 A.3d 155, 162-63 (Pa.Super. 2023) (holding that police had reasonable suspicion for DUI despite fact that initial stop was not based on driver's impaired driving, based on odor of burnt marijuana, observation that driver's eyes were red, bloodshot, teary, and glassy, and where driver showed confusion and slowed, slurred speech); *Commonwealth v. Dabney*, 274 A.3d 1283, 1285-86, 1292-93 (Pa.Super. 2022) (holding that odor of raw marijuana and observation of driver's dilated, red eyes were sufficient to supply reasonable suspicion of DUI to support detention for field sobriety tests despite fact that initial stop was not for impaired driving). Additionally, while the odor of marijuana alone "does not amount to probable cause to conduct a warrantless search of a vehicle" it "may be considered as a factor in examining the totality of the circumstances." *Barr, supra* at ___, 266 A.3d at 44. *See also Commonwealth v. Livingstone*, 644 Pa. 27, 36 n.1, 174 A.3d 609, 614 n.1 (2017) (stating "an arrest or custodial detention must be supported by probable cause to believe the person is engaged in criminal activity").

Finally, we note that the Motor Vehicle Code provides that "no person shall operate and no owner shall permit to be operated upon any highway a vehicle the registration of which has been suspended." 75 Pa.C.S.A. § 1371(a). This Court has further elaborated that, in order to convict a driver or owner of this summary offense, the Commonwealth must prove that the driver had notice the vehicle's registration had been suspended. *Commonwealth v. Akeley*, 320 A.3d 106, 112-113 (Pa.Super. 2024).

Instantly, Trooper Lesher had reasonable suspicion to initiate a traffic stop based upon Appellant's violation of the Vehicle Code, namely, driving a vehicle with suspended registration. *See Brown, supra*. Further, Trooper Lesher had cause to extend the traffic stop and inquire as to whether Appellant was aware of the suspension, as that is an essential element to prove the offense of driving a vehicle with a suspended registration. *See Akeley, supra*. As well, Trooper Lesher was permitted to request that Appellant exit the vehicle for any reason, including the smell of air freshener and marijuana. *See Rodriguez, supra*. At that time, Appellant's passenger admitted that there was marijuana in the car, and Trooper Lesher observed signs of intoxication in Appellant, including not only the smell of marijuana, but also Appellant's dilated pupils and glassy bloodshot eyes and Appellant's admission that he was returning from a preliminary hearing in a prior DUI. *See Dabney, supra*. On this record, Trooper Lesher had reasonable suspicion of DUI such that he could search the car and administer field sobriety tests to Appellant, which Appellant then failed. *See id. See also Sloan, supra*; *Ross, supra*. The aforementioned facts, as well as Appellant's failure of field sobriety tests, provided probable cause for Appellant's arrest. *See Livingstone, supra*. Therefore, the court properly denied Appellant's suppression motions. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>04/24/2025</u>